### Randall L. MINNIEFIELD, Petitioner–Appellant,

v.

### Craig HANKS, Respondent–Appellee.

### No. IP 01–353–C–B/S.

United States Court of Appeals, Seventh Circuit.

Submitted June 5, 2002 *.

Decided June 6, 2002.

Before EASTERBROOK, DIANE P. WOOD, WILLIAMS, Circuit Judges.

### ORDER

Inmates cannot smoke in the Wabash Valley Correctional Facility in Indiana— possession of tobacco is prohibited. A prison guard caught inmate Randall Minniefield with tobacco, and as a result he was reprimanded and lost 60 days of good-time credit. After exhausting his administrative remedies, Minniefield filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254(a) claiming that prison officials violated his due process rights. The district court denied Minniefield's petition. We affirm.

In September 2000 Minniefield was transferred from Wabash Valley to the Lake County jail for a court hearing. Unlike Wabash Valley, Lake County lets inmates smoke and its commissary sells tobacco. Minniefield took advantage of Lake County's policy and bought some tobacco. When Minniefield returned to Wabash Valley, a prison guard searched his belongings and found tobacco scattered between the pages of six transcripts Minniefield brought with him. The pages of the transcripts were glued together with what appeared to be toothpaste. The guard confiscated the transcripts and tobacco, and submitted a conduct report describing his discovery. The prison's disciplinary board held a hearing and found Minniefield guilty of possessing tobacco based upon the conduct report and Minniefield's own testimony.

Minniefield argued in his § 2254 petition that the prison gave him inadequate notice of the charge and prevented him from preparing an adequate defense and presenting witnesses. But he abandons these arguments on appeal and now claims only that the district court "misconstrued the facts of the case." His challenge faces a tough hurdle. Due process requires only that the disciplinary board's decision be supported by "some" evidence. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.), *cert. denied*, 531 U.S. 999, 121 S.Ct. 497, 148 L.Ed.2d 468 (2000). That standard is

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

meager, and we will affirm the district court's denial of Minniefield's petition as long as there was *any* evidence in the record that he possessed tobacco in the prison. *Id.*

Minniefield has never disputed bringing tobacco with him when he returned to Wabash Valley. He admits possession in his appellate brief. The conduct report filed by the guard also states that Minniefield possessed tobacco in the prison. The conduct report alone meets the "some" evidence standard, *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999), and therefore the district court properly denied Minniefield's habeas corpus petition. Minniefield's arguments that he broke no rule when he bought the tobacco at the Lake County jail and that he did not get it past the Wabash Valley guards are meritless because neither rebuts the fact that he possessed tobacco in the prison. His argument that the prison should only have confiscated the tobacco rather than discipline him is also meritless. Although Minniefield has cited a handbook which advises inmates that the prison will confiscate prohibited items, it does not state that confiscation is the prison's exclusive remedy.

For the preceding reasons, we AFFIRM the judgment of the district court.